PROB 12C
(REVISED 5/2011)

# United States District Court
for
Middle District of Tennessee

## Petition for Summons for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 38]

| | |
|---|---|
| Name of Offender: Ivory M. Alexander | Case Number: 3:10-000303 |

Name of Judicial Officer: The Honorable John T. Nixon, Senior U.S. District Judge

Date of Original Sentence: November 28, 2011

Original Offense: 18 U.S.C. § 2113(d), Armed Bank Robbery

Original Sentence: 24 months' custody and 3 years' supervised release

| | |
|---|---|
| Type of Supervision: Supervised Release | Date Supervision Commenced: October 7, 2013 |
| Assistant U.S. Attorney: Scarlett Singleton Nokes | Defense Attorney: Mariah A. Wooten |

## PETITIONING THE COURT

　　　___　　To issue a Summons.
　　　___　　To issue a Warrant.
　　　_X_　　To Consider Additional Alleged Violations.

## THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant:
　　☐ Sealed Pending Warrant Execution
　　　(cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ The Consideration of Additional Alleged Violations
☐ Other

Considered this 3rd day of November, 2014,
and made a part of the records in the above case.

_____
John T. Nixon
Senior U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Joshua Smith
U.S. Probation Officer

| | |
|---|---|
| Place | Nashville, Tennessee |
| Date | October 29, 2014 |

# ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. **38**, has been amended as follows:

    **Violation No. 1 - has been amended to include additional positive drug tests**
    **Violation No. 2 - has been amended to include additional failures to report for drug testing**
    **Violation No. 4 - has been amended to include additional failures to report for mental health treatment**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall refrain from unlawful use of a controlled substance.** |

On June 24, 2014, Ms. Alexander informed probation staff that she had recently used cocaine. On July 1, 2014, she informed the probation officer that she used cocaine the previous week.

**Ms. Alexander tested positive for cocaine on September 25, September 29, and October 1, 2014. She denied illegal drug use on each occasion.**

| | |
|---|---|
| 2. | **The defendant shall participate in a program of drug testing and substance abuse treatment.** |

Ms. Alexander failed to report for drug testing on May 19, 2014. She reported for testing on May 20, 2014, and submitted urine samples for testing that were significantly diluted. She failed to report for drug testing on June 23, 2014. She reported on June 24, 2014, and tested negative for illegal substances.

**Ms. Alexander failed to report for drug testing on August 6, and September 24, 2014. After failing to report on August 6, 2014, she reported on August 7, 2014, and tested negative for illegal drugs. After failing to report on September 24, 2014, she reported on September 25, 2014, and tested positive for cocaine.**

| | |
|---|---|
| 3. | **The defendant shall refrain from excessive use of alcohol.** |

On May 20, 2014, Ms. Alexander admitted to the probation officer that she became intoxicated at a party the previous weekend. She reported the alcohol use was an attempt to cope with life stressors.

| | |
|---|---|
| 4. | **The defendant shall participate in a mental health program as directed by the United States Probation Office.** |

Ms. Alexander reported late to a mental health treatment appointment on April 18, 2014. As a result of reporting late, her appointment was rescheduled for May 20, 2014. She failed to report for her appointment on May 20, 2014. She failed to report for a mental health treatment appointment on June 11, 2014. She cancelled her appointment on July 14, 2014. She continually fails to keep her treatment appointments as scheduled. She has been re-instructed to attend appointments as scheduled.

On August 18, September 11, and October 9, 2014, Ms. Alexander failed to report for individual mental health counseling.

**Compliance with Supervision Conditions and Prior Interventions:**

Ms. Alexander began supervised release on October 7, 2013. She is scheduled to terminate supervision on October 6, 2016.

A petition was submitted to the Court on September 20, 2013, requesting Ms. Alexander's conditions be modified for halfway house placement up to 180 days. The Court ordered the condition to be added. On December 2, 2013, she was discharged from halfway house placement to reside with her sister.

Ms. Alexander was referred for mental health treatment on October 15, 2013. The assessment was completed on November 15, 2013. The treatment recommendation included a psychiatric evaluation and two therapy sessions a month. A psychiatric evaluation was completed on January 8, 2014. Ms. Alexander suffers from depression and is prescribed medication to assist in her mental health concerns. As a result of her admission of drug use, drug testing has been increased and substance abuse counseling has been incorporated with the mental health counseling.

Ms. Alexander resided at the halfway house until December 2, 2013, after establishing a savings account of $1,800 and developing a plan to reside with her sister in Nashville, Tennessee, until she is able to establish her own residence.

A report requesting no action was submitted to the Court on April 7, 2014, to inform that Ms. Alexander had admitted to marijuana use, failed to report for drug testing on one occasion, and failed to report for mental health treatment on five occasions.

**On July 24, 2014, a petition requesting a summons was submitted to inform that Ms. Alexander had admitted to use of cocaine in June and July 2014, failed to report for drug testing on two additional occasions, admitted to excessive use of alcohol, and failed to report for four additional mental health counseling appointments. A summons was ordered by Your Honor.**

**As a result of substance abuse, Ms. Alexander was enrolled in group substance abuse treatment in addition to her mental health counseling. Despite her enrollment in the group substance abuse treatment program, she has continued to abuse illegal substances. On October 16, 2014, Ms. Alexander met with staff from the probation office. She expressed a strong desire to remain employed, retain her personal housing, and pursue a more stable environment in order to gain custody of her children. It was determined that she be enrolled in an intensive outpatient treatment program.**

**Update of Offender Characteristics:**

**Ms. Alexander was employed at TLK and Jack in the Box in June and July 2014. She is currently employed at Jack in the Box in Nashville, Tennessee. In August 2014, Ms. Alexander moved to independent housing in Nashville, Tennessee.**

**U.S. Probation Officer Recommendation:**

**It is respectfully requested that the additional violations be considered at the revocation hearing scheduled before Your Honor on November 6, 2014. The U. S. Attorney's Office has been notified, and concurs with the above recommendation.**

Approved by: _____
Vidette Putman
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. IVORY M. ALEXANDER, CASE NO. 3:10-00303

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** I

**ORIGINAL OFFENSE DATE:** POST APRIL 3, 2003       VCCA PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | **2 years (Class C felony)** *18 U.S.C. § 3583(e)(3)* | 3-9 months *U.S.S.G. § 7B1.4(a)* | **No recommendation** |
| SUPERVISED RELEASE: | **3 years less any term of imprisonment** *18 U.S.C. § 3583(h)* | 1-3 years *U.S.S.G. § 5D1.2(a)(2)* | **No recommendation** |

Revocation is mandatory if the Court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection (d). 18 U.S.C. § 3583(g)(1). Revocation is also mandatory if the defendant tests positive for illegal controlled substances more than 3 times over the course of 1 year. The Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule section 3583 (g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583 (d).

**Guideline Policy Statements:** Upon finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted

_____
Joshua Smith
U. S. Probation Officer

Approved: _____
Vidette Putman
Supervisory U. S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Ivory M Alexander

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:10CR00303 - 1

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** 11 / 28 / 2011
                                        month   day   year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | unlawful drug use | C |
   | failure to report for drug testing | C |
   | excessive use of alcohol | C |
   | failure to report for mental health treatment | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))* — **C**

9. **Criminal History Category** *(see §7B1.4(a))* — **I**

10. **Range of Imprisonment** *(see §7B1.4(a))* — **3-9 months**

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Ivory M Alexander

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____    Community Confinement _____

    Fine($) _____           Home Detention _____

    Other _____             Intermittent Confinement _____

13. **Supervised Release**
    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: 1 _____ to 3 _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**
    List aggravating and mitigating factors that may warrant a
    sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002